IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LEWIS JONES,

   Plaintiff,     No. 2:08-cv-0399 LKK JFM (PC)

  vs.

C/O BASER, et al.,

   Defendants.    <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's March 25, 2008 amended complaint, in which he claims that his rights under the Eighth Amendment were violated by defendant Baser's use of excessive force during a period of incarceration at California State Prison-Sacramento.  This matter is before the court on defendants' motion to dismiss this action pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies prior to filing this action.  On May 29, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

"Section 1997e(a) of Title 42 of the United States Code provides:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement requires proper exhaustion of available administrative remedies. Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008).

/////

In support of their motion to dismiss, defendants have presented evidence that between September 2006 and February 2008, plaintiff filed one appeal on September 20, 2006, alleging misconduct by defendant Baser.  (Carter Decl. at 2.)  Plaintiff was interviewed at the first formal level.  (Id.)  Plaintiff then changed the date of the alleged incident from September 19, 2006 to September 20, 2006,[1] and the appeal was partially granted at the second level on January 31, 2007.  (Id.)  No appeals were accepted at the Director's Level.  (Grannis Decl. at 2.)  However, two appeals were screened out for lack of "appropriate documentation."  (Grannis Decl. at 2, citing Appeal No. SAC-06-02192 received on February 15, 2007 and July 3, 2007.)

Plaintiff has provided the following evidence.  On May 4, 2007 N. Grannis wrote a letter indicating the appeal was returned to plaintiff because he failed to include page two of the first level response.  (Opp'n at 9.)  Plaintiff wrote handwritten notes on this document that state: "I have the first level response, and it's the original. . . .  I have the first, second and third level review, and N. Grannis, states this as well."  (Id.)

On August 8, 2007 N. Grannis wrote another letter confirming that this appeal was returned based on plaintiff's failure to provide the first level of review decision letter page 2 (signed page).  (Opp'n at 11.)  Plaintiff handwrote on this letter:  "I have that here, with the (2nd) second level as well.  See page "D, . . . and Page "6", please look at the dates on the pages too."  (Opp'n at 11.)

Plaintiff provided a copy of the November 3, 2006 staff complaint response – Appeal #SAC-P-06-02192.  (Opp'n at 13.)  At the bottom of this document, plaintiff wrote: "This is the only page I was given at this point, you can see it's not all there."  (Opp'n at 13.)

Plaintiff provided those documents to support his position that he sent all relevant documents in his possession to N. Grannis on July 1, 2007, and explained that all documents were attached.  (Opp'n at 2, citing Ex. A.)  Plaintiff avers the request for additional documents

_____

[1] Plaintiff disputes this; he claims he has always alleged that the incident occurred on September 19, 2006.

1   was for documents plaintiff did not have (opp'n at 2), and the appeal should not have been

2   returned as he could not provide documents that were not in his possession.

3          Plaintiff stated, "I knew that I did and told them, for some reason my paperwork

4   went to [Sergeant] D. Jennings, the paper vanished." (Opp'n at 6.)  Plaintiff does not identify the

5   nature of "my paperwork" or what "paper" disappeared.  The July 1, 2007 letter reiterates the

6   substance of plaintiff's claims but does not inform Chief Grannis that plaintiff did not have page

7   two of the second level review.  (Opp'n at 6.)

8          Moreover, plaintiff has failed to recount any efforts he undertook to obtain a copy

9   of the missing documentation from other sources.  Defendants point out that plaintiff was

10  instructed to consult with his counselor or appeals coordinator for assistance in obtaining the

11  required documentation.  (Reply at 2, citing Opp'n at Ex. B & C.)  The United States Supreme

12  Court has held that 42 U.S.C. § 1997e(a) "requires 'proper exhaustion of administrative

13  remedies,' . . . so 'a prisoner must complete the administrative review process in accordance with

14  the applicable procedural rules . . . as a precondition to bringing suit in federal court.'"  Ngo v.

15  Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 126

16  S.Ct. 2378, 2382, 2384 (2006).)  See also § 3084.3(c)(5) (providing appeal may be rejected if

17  "necessary supporting documents are not attached." )  Because plaintiff has failed to identify

18  what steps he took to locate the missing documentation, or avail himself of the assistance of the

19  appeals coordinator or counselor to locate same,  defendants' motion to dismiss should be

20  granted.[2]

21          Finally, plaintiff's reliance on Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999) is

22

23      [2]  On January 23, 2009, plaintiff filed a document entitled "Plaintiff's Opposition to
24  Defendant's Motion to Dismiss Based on Failure to exhaust Administraive Remedies and Failure
    to Provide Documents, Plaintiff's Motion for Discovery."  (Docket No. 36.)  However, on
    January 22, 2009, plaintiff's request to file a response to the defendants' reply was denied.
25  Plaintiff's January 23, 2009 filing is not permitted pursuant to that order, and will be retained in
    the court file and disregarded.  In light of the instant findings and recommendations, plaintiff's
26  motion for discovery is not well taken at this time and is denied without prejudice.

1   unavailing.  The United States Supreme Court rejected this argument in <u>Booth v. Churner</u>, 532

2   U.S. 731, 741 (2001)(exhaustion required even where the relief sought cannot be granted by the

3   administrative process).

4          For the foregoing reasons, this court finds that plaintiff failed to exhaust his

5   administrative remedies to the Director's level; thus, plaintiff failed to properly exhaust

6   administrative remedies prior to filing this action.  Defendants' motion to dismiss should be

7   granted.

8          In accordance with the above, IT IS ORDERED that plaintiff's January 23, 2009

9   motion for discovery (#36) is denied without prejudice; and

10          IT IS HEREBY RECOMMENDED that:

11          1.  Defendants' December 9, 2008 motion to dismiss (#29) be granted; and

12          2.  This action be dismissed for failure to properly exhaust administrative

13   remedies prior to suit.

14          These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

19   failure to file objections within the specified time may waive the right to appeal the District

20   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21   DATED: January 29, 2009.

22

23

UNITED STATES MAGISTRATE JUDGE

24

25   001;jone0399.mtd

26